HEATHER E. WILLIAMS, State Bar #122664
Federal Defender
RACHELLE BARBOUR, State Bar # 185395
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 I St. Third Floor
Sacramento, CA 95814
Telephone: 916-498-5700
Rachelle.Barbour@fd.org

Attorneys for Defendant-Movant
RONALD KEITH HARVEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD KEITH HARVEY,<br><br>Defendant. | Case No.  2:91-CR-0405-DAD<br><br>ORDER GRANTING UNOPPOSED MOTION FOR COMPASSIONATE RELEASE<br><br>Hon. Dale A. Drozd |

The Court, for the reasons set forth in Defendant's unopposed Motion for Compassionate Release, hereby GRANTS Mr. Harvey a reduction in sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) to a sentence of time served and orders his release as set forth below on the previously-imposed term of supervised release.  The Court finds that defendant Harvey qualifies for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and a reduction of his sentence to time served.  Defendant Harvey, 79-years-old, suffers from serious and chronic medical conditions, including Alzheimer's Disease and macular degeneration that is rendering him partially blind.  As documented in medical records, these conditions have already undermined his ability to care for himself in U.S. Marshals custody.

The Government does not oppose this motion.  The Court has the authority to reduce a term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(C)(1)(A)(i). The Court must determine "that such a reduction is consistent with applicable policy statements

1    issued by the Sentencing Commission" and must consider "the factors set forth in section

2    3553(a) to the extent that they are applicable."

3        The Sentencing Commission's policy statement reiterates that the Court may grant a

4    reduction in sentence motion if it finds that "extraordinary and compelling reasons warrant the

5    reduction," "the defendant is not a danger to the safety of any other person or to the community,

6    as provided in 18 U.S.C. § 3142(g)," and the reduction is consistent with the policy statement

7    itself.  USSG § 1B1.13(a)(1)(A), (2), (3).  The Court must also consider the factors in 18 U.S.C.

8    section 3553(a).

9        The policy guideline sets forth specific examples of extraordinary and compelling

10   reasons, several of which apply here:

11       (1) Medical Circumstances of the Defendant.—
         . . .
12       (B) The defendant is—
13           (i) suffering from a serious physical or medical condition,
             (ii) suffering from a serious functional or cognitive impairment, or
14           (iii) experiencing deteriorating physical or mental health because of the aging
                 process,
15       that substantially diminishes the ability of the defendant to provide self-care within the
         environment of a correctional facility and from which he or she is not expected to recover.
16

17   USSG § 1B1.13(a)(1)(B).

18       Medical and custodial records establish that defendant Harvey is "suffering from a

19   serious . . . medical condition," "suffering from a serious functional or cognitive impairment,"

20   *and*  "experiencing deteriorating physical or mental health because of the aging process" and that

21   all of these conditions "substantially diminish[ his] ability to provide self-care within the

22   environment of a correctional facility and from which he . . . is not expected to recover."  USSG

23   § 1B1.13(b)(1)(B).  The Sentencing Commission has noted that the second prong of USSG

24   1B1.13(b)(1) "is intended to include a wide variety of permanent, serious impairments and

25   disabilities, whether functional or cognitive, that make life in prison overly difficult for certain

26   inmates."  USSG, Amd. 799 (2016).

27

28

Ronald Keith Harvey / ORDER Granting Compassionate Release

1    Defendant Harvey suffers from such impairments.  As documented at length in custodial

2  medical records, while in federal custody at the Santa Clara County Jail, defendant Harvey was

3  unable to care for himself in the institutional setting.

4    The Commission also requires the Court to find that defendant Harvey not pose "a

5  danger to the safety of any other person or to the community, as provided in 18 U.S.C.

6  § 3142(g)." *Id.* § 1B1.13(2).  This dovetails with the several of the section 3553(a) factors that

7  the Court must also consider.  Defendant Harvey does not pose a danger to the community. A

8  reduction in sentence complies with both considerations because of defendant Harvey's minimal

9  criminal history (at sentencing he was a Criminal History I with zero points), the type of federal

10  offense (cultivation of marijuana in 1991), his age (79 years old), infirmities, and the fact that he

11  spent the past 30 years crime free.  Defendant Harvey also has a stable residence to return to,

12  support from loved ones, and the ability to have medical care provided in the community. The

13  reduction of defendant Harvey's sentence to one of time-served and his release from custody is

14  completely consistent with the sentencing factors set forth at 18 U. S. C. § 3553(a).

15    //

16    //

17

18

19

20

21

22

23

24

25

26

27

28

3

Ronald Keith Harvey / ORDER Granting Compassionate Release

**CONCLUSION**

For the reasons discussed above:

1) Defendant Harvey's unopposed Motion for Reduction in Sentence (Doc. No. 86) is GRANTED;

2) Defendant's sentence on Count 3 is reduced to a sentence of TIME-SERVED.  The 48-month term of supervised release previously imposed remains in place as do all the conditions of supervised release imposed at the time of defendant's original sentencing as set out in the original judgment (Doc. No. 62.);

3) An amended judgment will issue; and

4) Defendant Harvey shall be released from the custody of the Bureau of Prisons at 10:00 a.m. on Tuesday, October 28, 2025.  The Court is ordering his release at this time to enable defendant Harvey to obtain a safe way to return home from the prison. Accordingly, for defendant Harvey's own safety, his release from custody shall be delayed until 10:00 a.m. on Tuesday, October 28, 2025.

In light of this order, the pending hearing date before the of November 17, 2025, is VACATED.


IT IS SO ORDERED.

Dated:   **October 23, 2025**                  _____
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

Ronald Keith Harvey / ORDER Granting Compassionate Release